STATE OF MISSOURI, Respondent, v. DAVID T. JOHNSON, Appellant.

### March 23, 1885.

1. DRUGGISTS, ETC.—SALE OF LIQUOR BY.—The act of March 26, 1881, entitled "An act to regulate the sale of medicines and poisons by druggists and pharmacists," repeals the Act of May 19, 1879, entitled, "An act to regulate the sale of intoxicating liquors by dealers in drugs and medicines; to define who shall be known in law as dealers in drugs and medicines, and to repeal an act entitled 'An act to regulate the sale of intoxicating liquors by dealers in drugs and medicines, approved May 2, 1877.' '—Following State v. Roller, 77 Mo. 126.

APPEAL from Harrison Circuit Court, HON. JOHN C. HOWELL, Judge.

*Reversed.*

WM. M. RUSH, JR., for the appellant..

B. G. BOONE, Atty. Gen., for respondent.

Opinion by the court.

The defendant was indicted for selling intoxicating liquors in less quantities than one gallon on the 8th day of February, 1882. The defendant to sustain the issues on his part, at the close of the state's case, offered in evidence a certificate of registration as a regular pharmacist, issued by the State Board of Pharmacy, dated August 31st, 1881; also a merchant's license covering the period of sale.

The defendant also testified as follows: "I remember the sale of the ounce of whiskey to Mr. Sutton. He came in one morning and was very cold, and told me that he was cold, and wanted something to warm him up. I gave him an ounce of whiskey and think I put some capsicum in it. I carry some eight or ten thousand dollars worth of drugs and medicines. I gave him the whiskey for the purpose for which he stated he wanted it, and not as a beverage, I know he was not in the habit of drinking it as a beverage. He did not say he was sick. He said he

was cold.　He *was* cold."　*Cross-examination* :　"Don't know that he was in the habit of drinking to excess; never heard that he was."

Defendant then introduced the United States Dispensatory and Pharmacopæia to show that whiskey is therein recognized as being of medical utility.

The trial court against defendant's objection gave the following declaration of law: "If the court, sitting as a jury, believe from the evidence, beyond a reasonable doubt, that defendant, in February, 1882, sold whiskey, in quantities less than one gallon, to witness Sutton, either as a beverage or as a medicine, or otherwise, then the court ought to find the defendant guilty and assess his punishment at a fine of not less than forty or more than two hundred dollars."

The court refused to give the following declarations of law asked by the defendant: "3d. That before the court can find a regularly registered pharmacist or apothecary guilty of a violation of law in the sale of intoxicating liquors, the court must find from the evidence, beyond a reasonable doubt, that such pharmacist or apothecary sold such liquor as a beverage, and the burden is upon the state to show that such liquors were so sold.

"4th. That if the court believes from the evidence that the defendant was, at the time of the sale, as alleged in the indictment, a registered pharmacist or apothecary, then in order to find the defendant guilty, the court must believe from the evidence, beyond a reasonable doubt, that the defendant sold the liquor in question as a beverage."

The court found the defendant guilty and assessed his punishment at a fine of forty dollars.

From that judgment the defendant has appealed to this court.

The only question in this case is, does the act of March 26th, 1881, entitled "An Act to regulate the sale of medicines and poisons by druggists and pharmacists," repeal the act of May 19th, 1879, entitled "An Act to regulate the sale of intoxicating liquors by dealers in

drugs and medicines; to define who shall be known in law as dealers in drugs and medicines; and to repeal an act entitled 'An Act to regulate the sale of intoxicating liquors by dealers in drugs and medicines, approved May 2d, 1877.'"

This question has been decided in the affirmative by the Supreme Court of Missouri in the case of *The State v. Roller*, 77 Mo. 126, since the trial of this case in the circuit court. We of course follow that decision.

In accordance with that decision and the construction of the act of March 26th, 1881, given therein, the declaration of law given by the court for the state was improperly given, and the 3d and 4th declarations of law asked by the defendant should have been given.

For these reasons the judgment of the circuit court is reversed and the cause remanded.